UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15-CR-036 |
| | ) |
| TRAVIS DON HODGE | ) |

## MEMORANDUM AND ORDER

The defendant has pled guilty to a lesser-included offense related to Count One of the indictment (conspiring to manufacture five grams or more of methamphetamine) and will be sentenced on July 7, 2016. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 71], to which neither party objected. Objections to the PSR were due no later than April 5, 2016. *See* E.D. Tenn. L.R. 83.9(c).

Now pending is the May 26, 2016 "Defendant's Sentencing Memorandum" [doc. 93], which the court construes as an untimely PSR objection. At paragraph 22, the PSR increases the defendant's offense level by six pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(13)(D). That guideline provides, "If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent, increase by 6 levels."

The present PSR applies the (b)(13)(D) increase because the defendant and others entered an occupied residence without permission, manufactured methamphetamine, "and all occupants, including one resident confined to a wheelchair and one mentally disabled

resident, had to be evacuated from the residence." [PSR, ¶ 8]. By his untimely objection, the defendant argues that:

> 1. The wheelchair-bound resident was a drug user who voluntarily joined in the methamphetamine manufacture.
>
> 2. The mentally-disabled resident was not actually present and "had a history of purchasing pseudoephedrine tablets."
>
> 3. The defendant was unaware that he and his confederates did not have permission to be in the residence.

[Doc. 93, p. 5-7]. These contentions are irrelevant or directly contradict the admissions in the plea agreement signed by the defendant and his attorney, thereby calling into question the defendant's continued entitlement to an acceptance of responsibility reduction under guideline 3E1.1 and paragraph 7 of the plea agreement.

The substance abuse allegations against the two residents are irrelevant. Whether the defendant did or did not think he had permission to enter is similarly irrelevant. Further, according to the plea agreement, the mentally-disabled resident *was* present during the manufacture and had to be evacuated. In his plea agreement, the defendant admitted in material part that

> on February 7, 2014, he, along with other unindicted individuals, did manufacture methamphetamine at 836 Blue Springs Road, Elizabethton, Tennessee. The defendant admits that on this occasion, he and other unindicted individuals entered an occupied residence . . . without permission from the residents or homeowner, for the purpose of manufacturing methamphetamine. Upon arrival of law enforcement officers at this location, *an active methamphetamine laboratory was located*. The residence was occupied at the time the defendant and others manufactured methamphetamine at this location and *all occupants, including one resident confined to a wheelchair and one mentally disabled resident, had to be evacuated* from the residence.

2

[Doc. 51, ¶ 4b.] (emphases added).

In light of these admitted facts, subsection (b)(13)(D) is properly applied in this case. Both the wheelchair-bound resident and the mentally-handicapped resident were present in the home with the defendant's active methamphetamine lab and had to be evacuated. The defendant does not dispute that these persons fit subsection (b)(13)(D)'s definition of "incompetent," *see* U.S.S.G. § 2D1.1 cmt. n.18(B)(ii), nor does he dispute that his active meth lab created a substantial risk of harm to the lives of those persons, *see id.* cmt. n.18(B)(i). Instead, as noted, the defendant's untimely objection offers only irrelevant allegations or statements that directly contradict his plea agreement.

The defendant's untimely objection to his PSR [doc. 93] is accordingly **OVERRULED**. Sentencing remains set for Thursday, July 7, 2016, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge